UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LATEFAH SHAMPINE, | CASE NO. 1:11 CV 707 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| SOUTH EUCLID CITY HALL, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

**Introduction**

This matter is before the Court upon Plaintiff's *pro se* Complaint (Doc. 1). For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

**Facts**

Plaintiff, Latefah Shampine, proceeding *pro se*, filed this action against defendants, South Euclid City Hall, South Euclid Police Department, and Officer Preztak.[1] The Complaint asserts claims based on "discrimination, racism, harassment, menacing, disturbing the peace, and stalking." Plaintiff alleges that Officer Preztak followed closely behind her automobile for 21 streets before stopping her and unfairly citing her for failure to use signals. She further alleges she was "evicted and robbed" by Realtor David Sarver, not a party herein. Sarver also pressed charges against

---

[1] Plaintiff has filed three Motions to Add Documents (Docs. 3, 4 and 5). These motions are granted, and the documents are considered as attachments to the Complaint.

plaintiff, and caused the Cleveland Heights police to arrest her. Plaintiff suffered a nervous breakdown as a result. Plaintiff alleges that Sarver has "an uncanny relationship with Police, Detectives, and Judges," and she feels "he is a Ku Klux Klan." Plaintiff appears to allege her encounter with Officer Preztak was instigated by Sarver.

### **Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

### **Discussion**

Even liberally construed, the Complaint does not contain allegations reasonably suggesting that plaintiff might have a valid claim. *See Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(The Court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief).

The South Euclid Police Department and City Hall are not *sui juris* and, therefore, cannot sue or be sued. *See Pate v. City of Cleveland 2nd Dist. Police Dept.,* 2011 WL 867563 (N.D.Ohio March 10, 2011) (citations omitted). Actions against such entities are construed as brought against the municipality itself. Municipalities may be held liable under § 1983 only when the injury inflicted is a result of a government's policy or custom. *Reid v. Hood,* 2011 WL 251437 (N.D.Ohio Jan. 26, 2011) (citations omitted). Plaintiff alleges no such policy or custom. As for any claim against Officer Preztak, plaintiff alleges no specific deprivation of a constitutional right. While plaintiff generally refers to discrimination and racism, such vague allegations are insufficient to state a § 1983 claim.

### **Conclusion**

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 7/14/11